UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BERTHA GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:08-cv-01215-LJM-TAB |
| | ) | |
| ARAMARK CORRECTIONAL SERVICES, | ) | |
| L.L.C., DI FOODSERVICE COMPANIES, | ) | |
| INC., UNIFIED BRANDS, INC., | ) | |
| DOVER INDUSTRIES COMPANY, | ) | |
| JACKSON SERVICE COMPANY, INC., | ) | |
| ROCKVILLE CORRECTIONAL FACILITY, | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION, AND STATE OF INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

**DISCOVERY ORDER**

The parties appeared by counsel on March 2, 2010, for a hearing on various discovery-related motions. Prior to beginning the hearing, the Court afforded counsel a much-needed opportunity to narrow the issues to be addressed, which eliminated many issues in the pending motions. Counsel then were given an opportunity to be heard on all remaining issues. For the reasons stated on the record: (1) Plaintiff's motion to compel [Docket No. 92] was denied as moot; (2) Plaintiff's motion to compel [Docket No. 95] was denied without prejudice to revisit the issues raised in that motion following Defendant Aramark Correctional Services's production of documents; (3) Plaintiff's motions to compel [Docket Nos. 93 and 94] were granted in part and denied in part; (4) Defendant Aramark's motion for protective order [Docket No. 68] was denied.

The Court took Plaintiff's motion to compel and for sanctions [Docket No. 97] under advisement. The primary issue raised by this motion is whether Plaintiff's counsel may question Samantha Bowman, a former Aramark employee, about the substance of her conversations with Aramark's counsel Matthew Schafer in preparing for her deposition. Schafer objected to this line of questioning and instructed Bowman not to answer various questions based upon the attorney-client privilege. Bowman's subsequently filed affidavit establishes that she requested Schafer's law firm to represent her because the Plaintiff threatened to sue her in connection with the incident underlying this lawsuit. [Docket No. 106, Ex. B.] Thus, it appears that a valid attorney-client relationship existed during the relevant time period to support the privilege.

However, Local Rule 30.1(a) provides:

> If a claim of privilege has been asserted as a basis for an instruction not to answer, the attorney seeking disclosure will have reasonable latitude during the deposition to question the deponent to establish relevant information concerning the legal appropriateness of the assertion of the privilege, including (i) the applicability of the privilege being asserted, (ii) circumstances that may result in the privilege having been waived, and (iii) circumstances that may overcome a claim of qualified privilege.

Thus, even if the privilege did exist, Plaintiff's counsel was to be given "reasonable latitude" to question Bowman about the appropriateness of asserting the privilege. *Id*. For example, counsel could ask Bowman when she retained Schafer's firm and who was present during any conversations sought to be protected. While the record does not give any reason to doubt the appropriateness of asserting the privilege, counsel may explore that issue if so inclined.

Presumably counsel will seek to do so only if Aramark incurs the costs associated with redeposing Bowman, which brings the Court to the issue of sanctions. It appears that Aramark's counsel failed to give Plaintiff's counsel the requisite latitude contemplated by Local Rule 30.1(a). This suggests that Plaintiff's sanctions request is not without some merit. On the other

hand, Local Rule 37.3 provides:

> Where an objection is raised during the taking of a deposition which threatens to prevent the completion of the deposition and which is susceptible to resolution by the Court without the submission of written materials, any party may recess the deposition for the purpose of submitting the objection by telephone to a judicial officer for a ruling instanter.

Plaintiff's counsel should have utilized this procedure to obtain a ruling from the Magistrate Judge before adjourning the deposition. This would have promptly resolved the issue and avoided the need for the instant motion to compel and for sanctions.

Moreover, at the hearing Aramark's counsel accused Plaintiff's counsel of such abusive questioning during the deposition that the deponent began crying and the court reporter refused to return the next day. [Docket No. 106 at n.2.] Plaintiff's counsel denied this allegation. Deposition misconduct will not be tolerated. However, Aramark's counsel never utilized Local Rule 37.3 to contemporaneously raise concerns about Plaintiff's counsel's alleged deposition misconduct. Proper utilization of this rule would have addressed any of Aramark's concerns in much the same way Plaintiff's concerns, noted above, could have been promptly resolved. For now, it must suffice to say that both counsel probably could have handled the deposition and resulting disputes more artfully. Adding sanctions into the mix would only fan the flames of this dispute.

For these reasons, Plaintiff's motion to compel and for sanctions [Docket No. 97] is granted in part to the extent that the Plaintiff may, at her cost, continue Bowman's deposition to establish relevant information concerning the legal appropriateness of the assertion of the attorney-client privilege, but the motion is otherwise denied.

Dated: 03/22/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Donald G. Banta
INDIANA OFFICE OF THE ATTORNEY GENERAL
donald.banta@atg.in.gov

Rochelle Elaine Borinstein
Attorney at Law
rborinstein@stanleykahn.com

Andrew C. Briscoe
DREWRY SIMMONS VORNEHM, LLP
abriscoe@drewrysimmons.com

William Eric Brodt
LAW OFFICES OF LIBERTY MUTUAL GROUP
eric.brodt@libertymutual.com

Kevin Edward Deville
THE LAW OFFICE OF STANLEY KAHN
kdeville@stanleykahn.com

Thomas J. Grau
DREWRY SIMMONS VORNEHM, LLP
tgrau@drewrysimmons.com

Stanley Kahn
THE LAW OFFICES OF STANLEY KAHN
kahn@iquest.net

Jenna C. Lower
LAW OFFICES OF THE LIBERTY MUTUAL GROUP
jenna.lower@libertymutual.com

Matthew James Schafer
DREWRY SIMMONS VORNEHM, LLP
mschafer@drewrysimmons.com

Robert Bruce Sutherland
rsutherland@hanover.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov