UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BERTHA GRAY,                )<br>      Plaintiff,       )<br>                             )<br>   vs.                    )<br>                             )<br>ARAMARK CORRECTIONAL         )<br>SERVICES, LLC, DI FOODSERVICE )<br>COMPANIES, INC., UNIFIED BRANDS, )<br>INC., DOVER INDUSTRIES COMPANY, )<br>JACKSON SERVICE COMPANY, INC., )<br>ROCKVILLE CORRECTIONAL       )<br>FACILITY, INDIANA DEPARTMENT OF )<br>CORRECTION, and STATE OF INDIANA,)<br>      Defendant.     ) | 1:08-CV-1215-TWP-TAB |

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

Bertha Gray has sued eight Defendants claiming that they are liable to her for injuries she sustained while, as an inmate, she was working in the kitchen of Indiana's Rockville Correctional Facility. Initially, she sued only Aramark Correctional Services, LLC, the company who operated the kitchen and was directing Gray's activities at the time a steam kettle of water boiled over and burned her. However, after the case was removed to federal court, she filed a Second Amended Complaint which named as Defendants, among others, the State of Indiana, the Indiana Department of Corrections and Rockville Correctional Facility (collectively the "State Defendants"). The State Defendants have filed a Motion For Judgment On The Pleadings (Doc. #82), in which they assert sovereign immunity as a defense to the Plaintiff's claim that they are liable

pursuant to 42 U.S.C. § 1983.  Plaintiff has failed to file a response to the motion.

## *STANDARD FOR JUDGMENT ON THE PLEADINGS*

A motion for judgment on the pleadings is authorized by Rule 12(c) of the Federal Rules of Civil Procedure and is to be decided based on the same basis the court uses to decide a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *See Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir.2004).  Under this standard, "[a] complaint must always ... allege 'enough facts to state a claim to relief that is plausible on its face.' " *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir.2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1948 (2009).

## *DISCUSSION*

The State Defendants raise two arguments in support of their motion to dismiss.  First, they claim that under the Eleventh Amendment they enjoy sovereign immunity in federal court.  Second, they allege that they are not "persons" under § 1983, and thus, cannot be sued under that statute.  The Court need not reach the second argument because, as the Court will explain, sovereign immunity applies under the circumstances.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI. Thus, the Eleventh Amendment precludes both citizens and non-citizens from suing a non-consenting State. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Although Congress can abrogate the states' sovereign immunity, it has not done so with respect to § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Nor has the State waived sovereign immunity in the instant case by consenting to Gray's suit. Because the State has not waived sovereign immunity, and because Congress has not abrogated the states' sovereign immunity for purposes of § 1983, neither the State nor its agencies are appropriate defendants to this suit. *Billman v. Ind. Dept. of Corrections*, 56 F.3d 785, 788 (7th Cir.1995).

The bottom line here is that Gray may not sue the State Defendants in federal court to redress her injuries. The State Defendants' Motion For Judgment On the Pleadings is, therefore, GRANTED and the Plaintiff may proceed to prosecute her claim against the remaining Defendants.

IT IS SO ORDERED THIS 7th DAY OF JULY, 2010.

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

Donald G. Banta
INDIANA OFFICE OF THE ATTORNEY GENERAL
donald.banta@atg.in.gov

Rochelle Elaine Borinstein
Attorney at Law
rborinstein@stanleykahn.com

Andrew C. Briscoe
DREWRY SIMMONS VORNEHM, LLP
abriscoe@drewrysimmons.com

William Eric Brodt
LAW OFFICES OF LIBERTY MUTUAL GROUP
eric.brodt@libertymutual.com

Kevin Edward Deville
THE LAW OFFICE OF STANLEY KAHN
kdeville@stanleykahn.com

Thomas J. Grau
DREWRY SIMMONS VORNEHM, LLP
tgrau@drewrysimmons.com

Stanley Kahn
THE LAW OFFICES OF STANLEY KAHN
kahn@iquest.net

Jenna C. Lower
LAW OFFICES OF THE LIBERTY MUTUAL GROUP
jenna.lower@libertymutual.com

Matthew James Schafer
DREWRY SIMMONS VORNEHM, LLP
mschafer@drewrysimmons.com

Robert Bruce Sutherland
rsutherland@hanover.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov

: